

RECEIVED
MAR 10 2005

# STUTMAN
LAW OFFICES OF ROBERT A. STUTMAN, P.C.

Kevin P. Smith
smithk@stutmanlaw.com

*Reply to*
501 Office Center Drive
Suite 300
Ft. Washington
Pennsylvania 19034
p (215) 283-1177
f (215) 283-1188

*Offices in*
Ft. Washington, PA
West Berlin, NJ
New York, NY
(888) 579-1144

March 8, 2005

**VIA FACSIMILE and FIRST CLASS MAIL**
The Honorable Gregory M. Sleet
United States District Court
for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324, Lockbox 19
Wilmington, DE 19801

Re:   <u>Harleysville Mutual Insurance Company a/s/o KWNJ Management, Inc., et al. v. Daystar Sills, Inc., et al.</u>
       No.: 04-260-GMS

Dear Judge Sleet:

As you may recall, this case involves the collapse of a steel warehouse building. Plaintiffs' claims are against the general contractor and erection subcontractor involved with the construction of the building. These defendants are Daystar Sills and Eclipse Erectors. Both are insured by Westfield Insurance.

The undersigned counsel, on behalf of plaintiff, has served written discovery and notice of corporate designee depositions, pursuant to Rule 30(b)(6).

In late February, Westfield Insurance expressed an interest in initiating settlement discussions. It was agreed that the depositions that had been scheduled would be briefly postponed, based upon the hopes that the case would settle. The parties could therefore then saved the costs associated with preparing for and taking these depositions. The parties very specifically agreed that if a settlement was not reached by early March, then discovery would be completed during March, as per the presently pending scheduling order.

Settlement negotiations are still ongoing and could still result in a settlement. However, the undersigned, as plaintiffs' counsel, cannot allow the discovery deadline to laps, without

The Honorable Gregory M. Sleet
March 8, 2005
Page 2

completing discovery. I have therefore requested that the defendants produce their corporate designees for deposition and provide responses to written discovery before the end of March, as do not believe that the defendants are refusing to produce their designees. However, I believe it is necessary for the defendants to produce their designees for deposition during March as per the requirements of the agreement and the existing scheduling order. I therefore seek the court's intervention.

On behalf of plaintiffs, I am requesting a brief discovery conference with the court at which I will request the entry of an order compelling the defendants to respond to written discovery and to produce witnesses responsive to the notices of deposition before the close of discovery, which is March 31st.

I thank the Court for its consideration.

Respectfully,

Kevin P. Smith

KPS:jda
cc:  R. Stokes Nolte, Esquire (Via Facsimile & First Class Mail)
     Michael I. Silverman, Esquire (Via Facsimile & First Class Mail)
     David R. Barndt, Senior Recovery Specialist – Claim No. FS0-414406 (Via Email Only)
     Dan Riddle – Claim No. FS0-414406 (Via Email Only)